# Black Hawk Coal Company v. Hazard Fruit Company.

(Decided October 28, 1924.)

## Appeal from Perry Circuit Court.

Receivers—Simple Contract Creditors Not Entitled to Appointment.—In absence of insolvency or some peculiar equity, simple unsecured contract creditors of corporation, whose claims have not been reduced to judgment and who have no lien on property of corporation, are not entitled to have receiver appointed, either under civil Code of Practice, section 298, or otherwise.

JOHN D. CARROLL, WOOTON, SMITH & WOOTON and GARNETT & VANWINKLE for appellant.

T. E. MOORE, JR., and ROGERS T. MOORE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

The Hazard Fruit Company and the Black Hawk
Coal Company are both Kentucky corporations. The
former brought this suit against the latter alleging these
facts:

The defendant is the owner and in possession of six
leaseholds in Perry county, under which it has the exclu-
sive privilege of mining coal and has installed a modern,
well equipped plant on one of them for the purpose of
mining and selling coal; it has constructed and owns, in
connection with the leaseholds, a number of dwelling
houses, a tipple, railroad siding, electric cutters, motors,
etc., and has been engaged exclusively in the business
of mining and selling coal. The contract under which it
holds the leaseholds contains clauses that it shall pay
to each of the landlords at certain periods a minimum
royalty for the privilege of mining coal, also a clause
providing for forfeiture of each of the leaseholds if the
royalties are not paid at the time specified in the con-
tract; the defendant has no other visible assets except
the above; its principal office is in Louisville, Kentucky;
it is capitalizd at $100,000.00, divided into one thousand
shares of $100.00 each; of these seven hundred shares
have been issued, three hundred and fifty of which are
owned and controlled by the Harlan Fuel Company and
three hundred and fifty shares are owned and controlled
by P. F. Gorman; the remaining shares have not been
issued. The assets of the defendant, which include about
275 acres of high class merchantable coal, is of the rea-
sonable value of $100,000.00; the property from its na-
ture is of little value except when owned and controlled
as a whole and as a going concern in mining operations;
if the leasehold should be forfeited on account of non-
payment of minimum royalties, the houses, tipples and
all equipment would become the property of the land-
lords upon whose land they are situated, and these land-
lords have liens upon the property to secure the payment
of the royalties. Some months ago a deadlock arose be-
tween the directors who represented the interest of the
Harlan Fuel Company and the directors who represented
the interests of P. F. Gorman, and they have for a long
period of time been unable to agree upon the manage-
ment of affairs; for that reason the mine was shut down
in the early spring of this year and has not been operated

since; on that account it is unable to begin to mine any coal from the leaseholds and by so doing has endangered its right to operate the leaseholds in the future. It has no cash on hand and has been unable after diligent efforts to borrow any cash sufficient to operate the plant. It owes, in the aggregate, numerous creditors about $25,000.00, a large part of which is now due. Some suits at law have already been filed and attachments issued that have been or will be levied upon its property, and other suits at law will be instituted against it, and sales will be made of some of its tangible assets, which will destroy its capacity to operate the mines in the future and will cause its leaseholds to be forfeited and the value of its property as a whole will be practically destroyed and will ultimately cause great and irreparable loss to the plaintiff and each of the other creditors. The actual value of the property as a whole is $100,000.00; the corporation is solvent and a good business proposition properly managed and working as a whole. It is indebted to the plaintiff in the sum of $562.54 with interest from May 1, 1924, for goods, wares and merchandise sold to it by plaintiff, and no part of the debt has been paid. The defendant is at large expense in caring for and preserving its properties, which can be successfully operated to such an extent that the profits arising therefrom could, within reasonable time, pay off the plaintiff's debt, but this cannot be done unless the court takes charge of the property by its receiver, and unless it does so the property will soon go to waste and the defendant will become bankrupt and ruined and great and irreparable loss to the creditors and shareholders will result.

On these facts the plaintiff moved the court to appoint a receiver to take charge of the assets and books of the defendant. On the hearing of the motion the court granted the prayer of the petition for the appointment of a receiver. The defendant appeals. Section 298 of the Civil Code is in these words:

"On the motion of any party to an action who shows that he has, or probably has, a right to a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, removed or materially injured, the court, or the judge thereof during vacation, may appoint a receiver to take charge of the property or fund during the pendency

of the action, and may order and coerce the delivery of it to him. The order of a court, or of the judge thereof, appointing or refusing to appoint a receiver, shall be deemed a final order for the purpose of an appeal to the Court of Appeals. *Provided,* that such order shall not be superseded.''

It will be observed that the petition does not show that the plaintiff has a right to a lien upon or an interest in any property or fund involved in the action. The petition only shows that the plaintiff is a general creditor of the defendant, having a claim for $562.54, which has not been reduced to judgment. It is clear, therefore, that it is not entitled to a receiver under the above provision of the Code. But it is insisted that the Code provision is not exclusive and that a court of equity may appoint a receiver for a corporation in cases not provided for by the Code. Without expressing any opinion on this point, the court has reached the conclusion that the allegations of the petition do not present any such exceptional case. In the absence of insolvency or some peculiar equity the great weight of authority sustains the following statement of the law in note to Cameron v. Groveland Improvement Co., 57 Am. St. Rpr. 52:

> "Simple unsecured contract creditors, whose claims have not been reduced to judgment, and who have no lien on the property of the corporation, are not entitled to have a receiver appointed."

The plaintiff has not exhausted its legal remedies; the circumstances are not such that to deny the application would lead to a loss of property which may not be availed of in any other manner as satisfactorily as by the appointment of a receiver.

Judgment reversed and cause remanded with directions to set aside the order appointing a receiver.